UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 9:17-cv-80367-DMM-DLB

| | |
|---|---|
| RICHARD FROST, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) **ANSWER AND AFFIRMATIVE** |
| v. | ) **DEFENSES TO PLAINTIFF'S** ) **COMPLAINT** |
| | ) ) |
| NATIONAL AUTO PROTECTION CORP, a Florida corporation, | ) ) ) |
| Defendant. | ) ) |

National Auto Protection Corp ("NAP"), by and through the undersigned counsel, hereby responds to the Complaint (the "Complaint") of Richard Frost ("Plaintiff") as follows:

## PREAMBLE

To the extent a response to the Preamble of the Complaint is required, NAP denies placing any calls using an "automatic telephone dialing system" ("ATDS") and/or using "an artificial or prerecorded voice" to the telephones of any consumers nationwide and denies placing calls to telephone numbers on the National Do Not Call Registry. NAP further denies Plaintiff is entitled to any relief demanded in the Complaint.

## NATURE OF THE ACTION

1. NAP admits it is a company and admits that it offers extended vehicle warranties to consumers for their automobiles.

2. NAP denies the allegations contained in paragraph two of the Complaint.

3. NAP denies the allegations contained in paragraph three of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph three of the Complaint as

1

the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph three of the Complaint.

4.      NAP admits Plaintiff's Complaint seeks to assert claims against NAP pursuant to the TCPA. NAP neither admits nor denies the legal conclusions contained in paragraph four as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph four of the Complaint.

5.      NAP admits Plaintiff's Complaint seeks injunctive relief, damages, costs, and reasonable attorneys' fees, but denies Plaintiff is entitled to any such relief and denies Plaintiff has any basis to seek such relief for anyone else.

## PARTIES

6.      NAP is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph six of the Complaint, and therefore denies such allegations.

7.      NAP admits it is a company incorporated and existing under the laws of the State of Florida and that its principal place of business is located at 1665 Palm Beach Lakes, Blvd., Suite 215, West Palm Beach, Florida 33401.[1] NAP admits that it conducts business throughout this District and the State of Florida, but denies the remaining allegations contained in paragraph seven of the Complaint.

8.      NAP admits the Court may have subject matter jurisdiction to consider Plaintiff's claims pursuant to 28 U.S.C. § 1331 (i.e., "federal question" jurisdiction) to the extent the Complaint purports to plead a claim for alleged violations of the TCPA, but NAP does not admit

---

[1] To the extent paragraph seven refers to a website, NAP states that the website, if accurate, speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the information alleged to be from the website, and the contents thereof, NAP denies the allegations.

2

to any actionable conduct. NAP neither admits nor denies the legal conclusions contained in paragraph eight of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph eight of the Complaint. NAP denies the remaining allegations in paragraph eight of the Complaint.

9. NAP admits the Southern District of Florida may be a proper venue for the purported claims Plaintiff seeks to allege pursuant to 28 U.S.C. §1391, but NAP does not admit to any actionable conduct. NAP neither admits nor denies the legal conclusions contained in paragraph nine of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph nine of the Complaint. NAP denies the remaining allegations in paragraph nine of the Complaint.

## COMMON FACTUAL ALLEGATIONS

10. NAP admits it is a company and admits that it offers extended vehicle warranties to consumers for their automobiles.

11. NAP denies the allegations contained in paragraph eleven of the Complaint.

12. NAP denies the allegations contained in paragraph twelve of the Complaint.

13. NAP denies the allegations contained in paragraph thirteen of the Complaint.

14. To the extent paragraph fourteen is construed to contain allegations capable of admission or denial, NAP denies the allegations contained in paragraph fourteen of the Complaint and all subparts thereto. NAP further states the websites cited in paragraph fourteen of the Complaint, to the extent they are accurate or contain the quoted information, and all subparts thereto, speak for themselves and the veracity thereof is not admitted, and to the extent

Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authorities cited therein, NAP denies paragraph fourteen of the Complaint, including all subparts thereto.

15. NAP is not a telemarketer and as such is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph fifteen of the Complaint and, therefore, denies the allegations. NAP neither admits nor denies the legal conclusions contained in paragraph fifteen of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph fifteen of the Complaint.

16. NAP is not a telemarketer and as such is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph sixteen of the Complaint and, therefore, denies the allegations. NAP neither admits nor denies the legal conclusions contained in paragraph sixteen of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph sixteen of the Complaint. Further, NAP states the authority cited in paragraph sixteen of the Complaint, and the potential legal import of it, speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, NAP denies paragraph sixteen of the Complaint.

17. NAP denies the allegations contained in paragraph seventeen of the Complaint, including Plaintiff's ability to make any allegations on behalf of a purported class. NAP neither admits nor denies the legal conclusions contained in paragraph seventeen of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph seventeen of the Complaint.

## **FACTS SPECIFIC TO PLAINTIFF FROST**

18. NAP is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph eighteen of the Complaint, and therefore denies the allegations in paragraph eighteen of the Complaint.

19. NAP denies the allegations contained in paragraph nineteen of the Complaint.

20. NAP is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty of the Complaint, and therefore denies the allegations in paragraph twenty of the Complaint.

21. NAP denies the allegations contained in paragraph twenty-one of the Complaint.

22. NAP is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty-two of the Complaint, and therefore denies the allegations in paragraph twenty-two of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph twenty-two of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph twenty-two of the Complaint.

23. NAP is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph twenty-three of the Complaint, and therefore denies the allegations in paragraph twenty-three of the Complaint.

24. NAP denies the allegations contained in paragraph twenty-four of the Complaint.

25. NAP denies the allegations contained in paragraph twenty-five of the Complaint.

**CLASS ALLEGATIONS**

26. NAP admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define proposed classes. NAP denies this action may be properly maintained as a class action and also denies the proposed class definitions are proper or sufficient. NAP denies the remaining allegations contained in paragraph twenty-six of the Complaint.

27. NAP admits Plaintiff purports to bring this action as a class action and Plaintiff purports to define proposed classes. NAP denies this action may be properly maintained as a class action and also denies the proposed class definitions are proper or sufficient. NAP denies the remaining allegations contained in paragraph twenty-seven of the Complaint.

28. NAP admits Plaintiff purports to bring this action as a class action, but denies that a class action is appropriate. NAP neither admits nor denies the legal conclusions contained in paragraph twenty-eight of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph twenty-eight of the Complaint. NAP denies the remaining allegations contained in paragraph twenty-eight of the Complaint.

29. NAP admits Plaintiff purports to bring this action as a class action, but denies that a class action is appropriate. NAP neither admits nor denies the legal conclusions contained in paragraph twenty-nine of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph twenty-nine of the Complaint. NAP denies the remaining allegations contained in paragraph twenty-nine of the Complaint, and the subparts thereto.

30. NAP admits Plaintiff purports to bring this action as a class action, but denies that a class action is appropriate. NAP neither admits nor denies the legal conclusions contained in

paragraph thirty of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph thirty of the Complaint. NAP denies the remaining allegations contained in paragraph thirty of the Complaint.

31. NAP admits Plaintiff seeks to represent two classes, but denies that a class action is appropriate. NAP neither admits nor denies the legal conclusions contained in paragraph thirty-one of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph thirty-one of the Complaint. NAP denies the remaining allegations contained in paragraph thirty-one of the Complaint.

32. NAP admits Plaintiff purports to bring this action as a class action, but denies that a class action is appropriate. NAP neither admits nor denies the legal conclusions contained in paragraph thirty-two of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph thirty-two of the Complaint. NAP denies the remaining allegations contained in paragraph thirty-two of the Complaint.

33. NAP admits Plaintiff purports to bring this action as a class action, but denies that a class action is appropriate. NAP neither admits nor denies the legal conclusions contained in paragraph thirty-three of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph thirty-three of the Complaint. NAP denies the remaining allegations contained in paragraph thirty-three of the Complaint.

30327903v2

## FIRST CAUSE OF ACTION
### Telephone Consumer Protection Act
**(Violation of 47 U.S.C. § 227 *et seq.*)**
**(On Behalf of Plaintiff and the Do Not Call Class)**

34. NAP incorporates its responses to paragraphs one through thirty-three of the Complaint as if fully set forth herein.

35. NAP neither admits nor denies the legal conclusions contained in paragraph thirty-five of the Complaint as the legal conclusions are not allegations capable of admission or denial.  To the extent a response is required, NAP denies the legal conclusions contained in paragraph thirty-five of the Complaint. Further, NAP states the authority cited in paragraph thirty-five of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, NAP denies paragraph thirty-five of the Complaint.

36. Paragraph thirty-six contains a statement of law to which no response is required. To the extent a response is required, NAP denies paragraph thirty-six of the Complaint. Further, NAP states the authority cited in paragraph thirty-six of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, NAP denies paragraph thirty-six of the Complaint.

37. Paragraph thirty-seven contains a statement of law to which no response is required.  To the extent a response is required, NAP denies paragraph thirty-seven of the Complaint, and the subparts thereto.  Further, NAP states the authority cited in paragraph thirty-seven of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, NAP denies paragraph thirty-seven of the Complaint, and the subparts thereto.

30327903v2

38.     Paragraph thirty-eight contains a statement of law to which no response is required. To the extent a response is required, NAP denies paragraph thirty-eight of the Complaint, and the subparts thereto. Further, NAP states the authority cited in paragraph thirty-nine of the Complaint speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the authority cited therein, NAP denies paragraph thirty-eight of the Complaint and the subparts thereto.

39.     NAP denies the allegations contained in paragraph thirty-nine of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph thirty-nine of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph thirty-nine of the Complaint. Further, NAP specifically denies violating any law, including the TCPA.

40.     NAP denies the allegations contained in paragraph forty of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph forty of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph forty of the Complaint. Further, NAP specifically denies violating any law, including the TCPA.

41.     NAP denies the allegations contained in paragraph forty-one of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph forty-one of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph forty-one of the Complaint. Further, NAP specifically denies violating any law, including the TCPA.

42.     NAP denies the allegations contained in paragraph forty-two of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph forty-two of the

Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph forty-two of the Complaint. NAP specifically denies violating any law, including the TCPA.

## SECOND CAUSE OF ACTION
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227 *et seq.*)
### (On Behalf of Plaintiff and the Robocall Class)

43. NAP incorporates its response to paragraphs one through forty-two of the Complaint as if fully set forth herein.

44. NAP denies the allegations contained in paragraph forty-four of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph forty-four of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph forty-four of the Complaint. Further, NAP specifically denies violating any law, including the TCPA.

45. NAP denies the allegations contained in paragraph forty-five of the Complaint.

46. NAP denies the allegations contained in paragraph forty-six of the Complaint.

47. NAP denies the allegations contained in paragraph forty-seven of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph forty-seven of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the extent a response is required, NAP denies the legal conclusions contained in paragraph forty-seven of the Complaint. Further, NAP specifically denies violating any law, including the TCPA.

48. NAP denies the allegations contained in paragraph forty-eight of the Complaint. NAP neither admits nor denies the legal conclusions contained in paragraph forty-eight of the Complaint as the legal conclusions are not allegations capable of admission or denial. To the

extent a response is required, NAP denies the legal conclusions contained in paragraph forty-eight of the Complaint.  Further NAP specifically denies violating any law, including the TCPA.

## PRAYER FOR RELIEF

1. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

2. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

3. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

4. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

5. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

6. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

7. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

8. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

9. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

10. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

30327903v2

11. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

12. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

13. NAP denies Plaintiff is entitled to any relief, and instead, NAP demands recovery of NAP's attorneys' fees and costs from Plaintiff for the defense of this action.

14. As to any part of the Complaint not specifically admitted, denied or discussed, NAP hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Further, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, NAP pleads the following defenses to the Complaint. NAP reserves the right to plead additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class Plaintiff seeks to represent consented to receiving the subject telephone calls.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring this action because he is not the owner, registrant, or authorized user of the telephone(s) that received the purported subject telephone calls.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate any damages he may have sustained. Among other things, Plaintiff had the contact information for the person or entity that allegedly made the subject

30327903v2

telephone calls, and could have notified the person or entity to stop making the subject telephone calls after Plaintiff received the first alleged subject telephone call. Plaintiff chose not to do so, instead hoping he would receive additional telephone calls in an attempt to obtain a windfall settlement through a lawyer-driven class action suit.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted. Among other things, the allegations in Plaintiff's Complaint lack factual support.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the doctrine of unclean hands. Plaintiff is pursuing this litigation as a class action, not to seek compensation for damages allegedly suffered, as contemplated by statute, but to seek to enrich himself by seeking disproportionate payments from NAP.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed class. Instead Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed class, or that Plaintiff will fairly and adequately protect the interests of the proposed class. Rather, Plaintiff's Complaint merely parrots the language of Federal Rule of Civil Procedure 23 without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements of Rule 23(a) or the predominance and superiority requirements of Rule 23(b)(3) for this case to proceed as a class action.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail because the purported subject telephone calls were not made by any artificial or prerecorded voice of NAP, as alleged in the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited because the alleged damages to Plaintiff and/or the putative class Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which NAP had and has no control, and/or by the acts or omissions of Plaintiff or the putative class members.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred, in whole or in part, by the applicable statute of limitation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are limited to the extent any telephone calls that are alleged to have violated the Telephone Consumer Protection Act are exempt from liability under that Act and the rules and regulations proscribed by the Federal Communications Commission thereunder.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because, to the extent NAP made any calls, the subject telephone calls comply with the requirements set forth in 47 C.F.R. §64.1200.

## TWELFTH AFFIRMATIVE DEFENSE

NAP did not negligently, willfully, or knowingly make, or authorize to be made, telephone calls in violation of the Telephone Consumer Protection Act, and any calls purportedly received by Plaintiff were not made on behalf of or with the authority of NAP.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are not concrete or particularized and are de minimis and non-actionable.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of estoppel.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred or limited by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent are barred because, to the extent NAP made any calls, the subject telephone calls would have been made as a part of an established business relationship between NAP and Plaintiff and/or the members of the putative class Plaintiff seeks to represent.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because Plaintiff has failed to join all necessary and/or indispensable parties to this suit, as required by Rule 19 of the Federal Rules of Civil Procedure; particularly as NAP did not make the subject calls.  Thus, if any such call was made, the entity or party making the call is an indispensable party.

## EIGHTEENTH AFFIRMATIVE DEFENSE

NAP has established and implemented, with due care, reasonable practices and procedures to efficiently prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c).

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff and/or the putative class Plaintiff seeks to represent cannot state a claim against NAP upon which relief can be granted because NAP did not and does not place calls in violation of the National Do-Not-Call List as alleged in the Complaint.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail, in whole or in part, because any purported damages and/or injury alleged to have been suffered by Plaintiff and/or the putative class Plaintiff seeks to represent were self-induced and/or created by Plaintiff and/or the putative class Plaintiff seeks to represent.

WHEREFORE, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Defendant National Auto Protection Corp prays as follows:

(1)   That Plaintiff takes nothing by virtue of the Complaint and that this action be dismissed in its entirety;

(2)   That judgment be rendered in favor of Defendant National Auto Protection Corp;

(3)   That attorneys' fees and costs of suit incurred in this action be awarded to Defendant National Auto Protection Corp; and

(4)   That Defendant National Auto Protection Corp be awarded such other and further relief as the Court may deem just and proper.

Dated:  May 15, 2017

/s/ Eric D. Coleman
Beth-Ann E. Krimsky (Fla. Bar No. 968412)
beth-ann.krimsky@gmlaw.com
Eric D. Coleman (Fla. Bar No. 124963)
eric.coleman@gmlaw.com
GREENSPOON MARDER, P.A.
200 East Broward Blvd, Suite 1800
Fort Lauderdale, FL 33309
Tel: (954) 527-2427
Fax: (954) 333-4027
*Attorneys for Defendant*
*National Auto Protection Corp*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Monday, May 15, 2017, I electronically filed the foregoing Answer and Affirmative Defenses with the Clerk of the Court by using the Court's CM/ECF system. I also certify that the foregoing is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

 */s/ Eric D. Coleman*
Eric D. Coleman

30327903v2